UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Poetry Corp., | ) CV 14-01787 RSWL (JPRx) |
| Plaintiff, | ) |
| v. | ) **ORDER RE: DEFENDANTS'** |
| | ) **MOTION TO VACATE ENTRY** |
| | ) **OF DEFAULT** [39] |
| Conway Stores, Inc.; CW Operating, LLC; Metro Buying Group, LLC; and Does 1-10 inclusive, | ) |
| Defendants. | ) |

Currently before the Court is Defendants Conway Stores Inc. ("Conway"), CW Operating, LLC ("CWO"), and Metro Buying Group, LLC's ("Metro") (collectively, "Defendants") Motion to Vacate Entry of Default [39]. The Court, having reviewed all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:** The Court **GRANTS** Defendants' Motion.

//

//

1

# I. BACKGROUND

## A. Factual Background

Plaintiff is a California corporation in the business of wholesale garments, with its principal place of business in the County of Los Angeles, California. Compl. ¶ 1. Defendant Conway is New York corporation, with its principal place of business in the state of New York. Id. at ¶ 2. Defendant CWO is a New York limited liability company, with its principal place of business in New York. Id. at ¶ 3. Defendant CWO did business under the fictitious business name, "CW Price, LLC" in California. Id. Defendant Metro is a New York limited liability company, with its principal place of business in the state of New York. Id. at ¶ 4. Defendants CWO and Metro are affiliated and/or have a parent-subsidiary relationship. Id. at ¶ 5. Defendants CWO and Metro are affiliates and/or subsidiaries of Defendant Conway. Id.

Plaintiff alleges that on or about July 1, 2013, Plaintiff entered into a series of contracts with Defendants wherein Plaintiff sold and delivered garments to Defendants. Id. at ¶ 16. Plaintiff alleges that it performed all conditions, covenants, obligations, and promises, and has repeatedly requested payment of the monies due and owing to Plaintiff. Id. at ¶¶ 17-18. However, Plaintiff alleges, it has not been paid for the sum owed. Id. at ¶ 18. As a result of Defendants' breach, Plaintiff asserts four causes of

action against Defendants: (1) breach of contract, (2) open book account, (3) account stated, and (4) unjust enrichment - constructive trust.  Plaintiff asserts that it is entitled to recover the principal sum of $336,656.40, plus interest at the legal rate from the time payment by Defendants became due.  Id. at ¶¶ 19-28.  Plaintiff also requests an order from the Court declaring that all unpaid goods remaining in the possession, custody, and control of Defendants are held by the Defendants in constructive trust for the benefit of Plaintiff.  Id. at ¶ 28.  Plaintiff also requests an order that Defendants reconvey said goods to Plaintiff.  Id.

**B.  Procedural Background**

Plaintiff filed this Action on March 11, 2014 [1]. On April 26, 2014, Plaintiff filed a Request for Clerk to Enter Default against Defendants Conway, Metro, and CWO [24, 25, 26].  The Court entered default as to all Defendants on May 5, 2014 [29].  On May 20, 2014, Defendants filed a Motion to Dismiss for Lack of Jurisdiction [34], which the Court struck because default had already been entered against Defendants [35].

On June 3, 2014, Defendants filed a Motion to Vacate Entry of Default [39].  Plaintiff did not file an Opposition.  On June 24, 2014, Defendant filed a Reply in Support of Motion to Dismiss for Lack of Jurisdiction which was stricken because there was no

3

1 pending motion to dismiss [51,53]. That same day,
2 Plaintiff filed a Response to Defendants' Reply in
3 Support of Motion to Dismiss for Lack of Jurisdiction,
4 informing the Court that there was no pending motion to
5 dismiss [52]. On June 25, 2014, Defendant filed a
6 Reply in Support of their Motion to Vacate Entry of
7 Default [54].
8     This matter was set for hearing on July 3, 2014 and
9 was taken under submission on June 25, 2014 [56].

## II. LEGAL STANDARD

11     Entry of default by a clerk is governed by Fed. R.
12 Civ. P. 55. <u>U.S. Commodity Futures Trading Comm'n v.
13 Am. Bullion Exch. ABEX, Corp.</u>, No. SACV 10–1876 DOC
14 (RNBx), 2011 WL 4946810, at *2 (C.D. Cal. Oct. 17,
15 2011) (citing Fed. R. Civ. P. 55). The decision to set
16 aside an entry of default is at the discretion of the
17 trial court judge and should "be disturbed only upon a
18 finding of an abuse of discretion." <u>Id.</u>
19     According to Fed. R. Civ. P. 55(c), "[t]he court
20 may set aside an entry of default for good cause . . .
21 ." <u>Id.</u> The "good cause" standard under Fed. R. Civ.
22 P. 55(c) is an easier burden for the allegedly
23 defaulting party than the excusable neglect standard
24 required to obtain relief from default judgment under
25 Fed. R. Civ. P. 60(b). <u>Id.</u> (citing <u>Dennis Garberg &
26 Assocs., Inc. v. Pack-Tech Int'l Corp.</u>, 115 F.3d 767,
27 775 n.6 (10th Cir. 1997)).
28     To determine whether to vacate the clerk's entry of

default, the court considers the following factors: (1) whether the defendant's culpable conduct led the default, (2) whether defendant has a meritorious defense, and (3) whether plaintiff will be prejudiced by setting aside the entry of default.  Id. (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)).

### III. ANALYSIS

As an initial matter, the Court notes that Plaintiff has not filed an Opposition to Defendant's Motion to Vacate Entry of Default.  Pursuant to the Local Rules, "[t]he failure to file any required document . . . may be deemed consent to the granting or denial of the motion . . . ."  C.D. Cal. R. 7-12.  Thus, the Court may deem Plaintiff's failure to oppose the Motion to Vacate Entry of Default as consent to the granting of the motion.[1]  However, the Court considers the merits of Defendants' Motion and finds that good cause exists to set aside the entry of default against Defendants.[2]  See Fed. R. Civ. P. 55(c).

---

[1] The Court does note, however, that Plaintiff filed a Response to Defendants' Reply informing the Court that it *does* oppose Defendants' motion to the extent that Defendants assert that the Court lacks personal jurisdiction over Defendants.  Dkt. # 52.  Should the Court set aside the entry of default against Defendants, Plaintiff requests that the Court afford it the opportunity to oppose Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.

[2] Defendants filed a Request for Judicial Notice in support of their Motion to Vacate Entry of Default.  Defendants request that the Court take judicial notice of an order dismissing a suit brought by Urban Textile, Inc. against Conway Stores, Inc.

5

To determine whether to vacate the clerk's entry of default, the court considers the following factors: (1) whether the defendant's culpable conduct led the default, (2) whether defendant has a meritorious defense, and (3) whether plaintiff will be prejudiced by setting aside the entry of default. U.S. Commodity Futures, 2011 WL 4946810, at *3 (citing TCI Group, 244 F.3d at 696).

The first factor weighs in favor of granting the instant Motion. Culpable conduct tends to mean that a defendant has read and understood the complaint, but intentionally took no steps to meet the deadline for filing a responsive pleading. Id. at *3 (citing TCI Group, 244 F.3d at 697). Here, Defendants provide a declaration from Abe Cohen, the President of Defendant Conway and the Managing Member of Defendants CWO and Metro, informing that Court that, although Defendants were served on or about April 4, 2014, the summons and complaint were misplaced in storage containers and were not reviewed by management until late April. Cohen Decl. ¶ 17. Once Defendants learned of the summons and Complaint, Defendants submit that they promptly hired California counsel to represent their interests on or

---

in the matter, Urban Textiles, Inc. v. Conway Stores, Inc., et al., Case No. 2:14-cv-2438 DSF (AJWx). However, because the document is not necessary to the Court's analysis on the instant Motion, the Court **DENIES** Defendants' Request for Judicial Notice **as moot.**

about May 4, 2014. <u>Id.</u> at ¶ 18. Thus, it appears that Defendants' failure to respond to Plaintiff's Complaint is not culpable because there is no direct evidence of bad faith or intent. As such, the Court finds that this factor weighs in favor of setting aside the entry of default against Defendants.

As to the second factor, Defendants assert that they have meritorious defenses to the allegations in the Complaint. <u>Id.</u> at ¶ 20. These defenses include, *inter alia*, that the quantity of goods received differed from those invoiced, the goods were not of the quality ordered, and some goods were not received in good condition. <u>Id.</u> Aside from these bare assertions, Defendants do not provide the Court with any supporting evidence for these defenses. As the Court does not at present possess enough information regarding the merits of Defendants' defenses, the Court finds that the second factor does not weigh strongly in either direction.

Finally, the Court finds that the third factor weighs in Defendants favor as Plaintiff will not be prejudiced by setting aside entry of default. There is no prejudice to the Plaintiff where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." <u>Lacy v. Sitel Corp.</u>, 227 F.3d 290, 293 (5th Cir. 2000). Further, Plaintiff fails to provide the Court with an Opposition

memorandum informing the Court of any prejudice it would suffer should the Court vacate entry of default against Defendants.

Thus, the Court finds that good cause exists to set aside entry of default against Defendants.  As such, the Court **GRANTS** Defendants' Motion to Vacate Entry of Default.

## IV. CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** Defendants' Motion to Vacate Entry of Default.

**IT IS SO ORDERED.**

DATED: July 11, 2014

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge